The next case today is David Goldseth, MD, versus Family Medicine Associates LLC et al. Appeal number 21-1212. Attorney Sachs, please introduce yourself for the record to proceed with your oral argument. Thank you, Mr. Clerk. Good morning, Your Honors. Keith Sachs for the appellant, David Goldseth. And may it please the Court, Your Honors, I would like to focus my argument on the summary judgment dismissal based on the integration clause because the integration clause impacts the breach of contract claim, the fraud claim, the good faith and fair dealing claim. Now, this is a case, Your Honors, in which my client was seeking employment. He was contacted by FMA and Dr. Bilzerowicz, and there were some preliminary negotiations which my client believed included his taking over the practice, ultimately. There was an employment agreement signed, and my client believed that part of the structure of the employment agreement was the practice transfer. On summary judgment... Did your client read the contract? Of course he did, Your Honor, yes. And he made changes to it? Yes, and my client made changes, Your Honor, with relation to a few things. One was a representations and warranties clause, which is a factual issue. He saw something, and he didn't know if he could actually say what they're asking him to say, so he inquired about that. There was something also about vacation. He inquired about that, and something... But he knew it didn't have a practice transfer provision. So there was nothing in the contract, Your Honor, that specifically said this is the practice transfer aspect of our agreement. What Mr. Gold said... There was nothing that hinted at it, did it? Well, Dr. Goldseth believed that the structure, the payment structure of annual salary the first six months, and then in month seven to eighteen, where he would get 60% of the net income, and 40%, he believed, was going to Dr. Basilewicz for the buyout, and then the last year was 100%, and 100%, he believed, was him being an owner at that point, the number being 100%. But it didn't say that. Excuse me? But it didn't say that. It didn't say that specifically. That was his understanding. That's how he viewed it, Your Honor. And I think what Judge Burroughs did in looking at this, she says, I don't see a written practice transfer agreement, but I do see evidence that a fact However, I am going to invoke and use the integration clause rule in this case, even though it's not always used, because I find that Dr. Goldseth is a sophisticated person who read the agreement, even though he wasn't represented by counsel. And I don't think the mere fact that he's a doctor makes him a sophisticated person as it relates to a employment agreement, which he believed was also a practice transfer agreement. The fact that he had an opportunity to consult an attorney, does that matter? I don't think it matters. He's not required to do it, and I know Judge Burroughs points that out, that he didn't do it. And maybe I'm reading into it, but she seems to imply that you can't not hire an attorney, and then later claim that he didn't have one, and therefore the contract shouldn't be enforced. And that's not what's going on here, Your Honor. And back to the sophistication, I would consider myself sophisticated to the extent I went to law school. Would I perform surgery? No, it's the same thing. Dr. Goldseth, yes, sophisticated because he went to medical school, and yes, he did have questions about the contract. But when you're talking about an integration clause, this whole case really rises and falls or fell already on the integration clause. Even though he has questions about what a representation might be that he has to make and whether he can make it, that's one thing. But the operative effect of an integration clause, and let's be fair, there's a lot of lawyers who don't even know what it is. So to put that burden on him to say, you know, you are sophisticated, you asked other questions, therefore you should have seen this, and you're on the hook for it. But I think Judge Burroughs went a little too far in her analysis because she almost, and I see it as her acting as a fact finder as it relates to the contract, excuse me, because she characterizes what he did when he got drafts as certain things, like that he made nuanced changes. Well, how do you get around the integration provision? Excuse me? How do you get around the integration provision? I think you get around the integration provision by the mere fact that it's not always enforced. He wasn't represented by counsel. He believed that the agreement had the practice transfer agreement aspect in it. It's not always enforced? What does that mean? Well, the courts don't always enforce integration. That is, they're not always dispositive. There's always other issues. And here what we're saying is, in a case where he believes that fraud was committed insofar as him being coaxed into signing this agreement because he believed he was getting it, the fraud always takes you outside of the integration clause for sure because you can't contract out of your own fraud. So the overall facts and circumstances, I think, should go to a fact finder. So did he plead fraud in the inducement? I don't believe so. I don't remember, Your Honor. I've got to go back and look at the complaint. I took over the appeal. I was not the original counsel, so I apologize for that, and I can go back and look at the... But what's the nature of the fraud? The fraud... I guess it was fraud in the inducement. It may get you out of the integration provision, but if you didn't plead that and plead some other kind of fraud, I'm trying to figure out how you get around the integration clause. Honestly, Your Honor, I believe it had to be fraud in the inducement because he's saying he wouldn't have signed the contract, but for the belief that he was being offered the practice transfer agreement as part of it. And that's in the complaint, which is in the record. So... So fraud in the inducement requires reasonable reliance? Yeah. Reasonable reliance? And he did reasonably rely. He moved his whole family from Tennessee based on conversations and emails. I mean, Judge Burroughs herself says there's enough evidence to show that there was this potential practice transfer agreement. What's the text in the employment agreement that contains the integration clause that plausibly could be read to include in that contract the practice transfer agreement? Well, it's a very simple... Sorry, Your Honor, I'm just looking for it. It's a very simple integration clause, and I don't have the exact language. No, no, no. I'm not asking... Oh, I'm sorry. I want the argument, if I'm following it, would be something like the integration clause can't be a bar to him recovering under the contract he had with the partners about the practice transfer agreement because I thought you were suggesting the employment agreement that contains the integration clause itself has some text that supports there being a practice transfer agreement. I'm sorry. Do you not agree with that argument? Yeah, and that's the argument. So in the employment agreement, there's a breakdown of how he's going to be compensated. First six months, a salary, I think it was of 225. Months seven to 18, 60% of the practice is your group's overall income. And at that time, he believed the other 40% of the 100% was going to Dr. Baselwitz as a form of payment for taking over the practice. The next part, the next tranche of his pay was 100% of the practice's income. So that he believed at 100%, I'm an owner. So that's how he read the agreement. So your argument is that the integration clause is kind of a red herring because it integrates into the employment agreement all things not in the employment agreement. But if the employment agreement itself can be read, and it's a jury question as to whether it can be read to contain the practice transfer agreement, then obviously the integration clause can't destroy that part of it because it's intrinsic to the employment agreement that contains the integration clause. That's the idea. Exactly. And that's why I think- Okay. I just want to, if that's, whether that's right or wrong, that would explain what, how to think about the contract claims he has against the partnership. I understood him to have a distinct claim against Dr. Baselwitz. Yeah, and I believe that's the fraud claim, your honor. I thought that was all of his, I thought he separately had oral contract claims about a practice transfer agreement with Dr. Baselwitz independent of the claims that he had a contract with the partnership. Yes. And I, yes. With respect to those claims, are you contending that those survive even if the integration clause wipes out the claims against the partnership itself? If the, I'm sorry, if the claim survives- I understood him to be making a practice transfer agreement contract claim. Correct. Against, one, the partnership. Yep. And two, Dr. Baselwitz not as the partnership, but at his own capacity. Correct. Okay. With respect to the question of the integration clause, there's an argument that if the agreement with the partnership for the practice transfer agreement was not intrinsic to the employment agreement with the partnership, the integration clause could wipe it out. Correct. I didn't understand the district court to have explained why, even if that were true, that integration clause could wipe out any contract that your client had with Dr. Baselwitz in his own capacity. Yeah, and that was, doesn't seem to be addressed, but he would still have a claim from that perspective. I mean, as Judge Burroughs herself said- Have you argued for that in your brief on appeal? You know what? I don't believe that's specifically in there because it was never discussed in the district court. Well, she dismissed all those claims below in her ruling based on the integration clause, correct? Correct. So have you appealed that aspect of her ruling on the ground that that was error to do so because the integration clause simply couldn't reach any claims he had for a contract with Dr. Baselwitz himself? I don't believe that was in the actual notice of appeal as a statement. Okay, so we don't have to worry about those claims stand or fall with the integration clause, notwithstanding that, at least it's not obvious to me how the integration clause could speak to those claims at all. Yeah, I understand that, your honor. Okay. So, but that, I think, as far as, you know, the main crux of this case is whether that integration clause should have been enforced or not, and I don't think it should have, based on the fact that the mere fact that he was a sophisticated person does not- Well, because I ask you, you keep putting it that way, but I guess I just want to understand, I thought the colloquy I just had with you suggested that the question isn't necessary so much as whether the integration clause should be enforced, but as to whether even if it should be enforced because he's sophisticated, the nature of the practice transfer agreement is that it's not touched by the integration clause because it's intrinsic to the contract itself. Exactly. That was my next point. So, under both situations where the judge found- Did you make both of those arguments below? I believe so. I believe so, your honor. You're making both of them here? Yes. And I'm sure Attorney Tulley will correct me if that is incorrect. But I do believe they were made below. Counsel, why don't you take 30 seconds and wrap up? I rest on my papers with the rest of the argument, your honor. Thank you. Okay. Thank you. If you would mute your audio and your camera, and Mr. Tulley, we'll hear from you. Thank you. May it please the court. My name is Guy Tulley, and I represent the defendants, Family Medicine Associates, and Dr. Gregory Bazalwitz. The decision of the district court should be affirmed, and it's entirely because the district court properly concluded that based on the undisputed material facts in the summary judgment record that the defendants were entitled to judgment as a matter of law. The court properly recognized that Plaintiff was a sophisticated, well-educated individual who clearly demonstrated that he understood the meaning of the documents that he reviewed, that he negotiated changes to, and that he signed. I will focus also on the integration clause. Why don't you focus on what Judge Barron was just asking your brother, Counsel? Why isn't it intrinsic to the salary structure that it was reasonable for him to believe that it included the practice transfer? There's nothing in his employment agreement. I do not disagree that it was intrinsically, you know, addressed in the employment agreement. In fact, there's nothing in the employment agreement that Plaintiff could reasonably have construed as indicating any sort of practice transfer. There's nothing in his offer letter that he signed which predated the employment agreement. There's no language in the employment agreement itself addressing the practice transfer. Before you get into the merits of this point, which I want you to keep addressing, but did the Plaintiff make the argument that the basis for the practice transfer agreement was that it was part of the employment of contract itself that contained the integration clause? I'm sorry, could you say that again? Yeah. One possibility, even my understanding going in, was that the plaintiff's claim was that there was a side contract outside the employment contract for a practice transfer agreement. And then the issue would be, did the integration clause wipe that out and should it be known that it wiped it out? Okay. Another possibility is that his contention is that the practice the integration clause. And if that's the case, obviously the integration clause can't wipe it out because it's in that contract. Was that second argument made below? I don't believe it was, Your Honor. Nor do I believe that the Plaintiff has really argued that there was a side agreement independent of his employment agreement. What the Plaintiff testified to in his conversations with ultimately the employment agreement, he's claiming that he relied to his detriment on the conversations that he had with Dr. Basilewicz, but at no time did he ever, you know, as we know, push back when he was reviewing the employment agreement, saying, where is my partnership transfer provision here? Is that consistent with him saying that's because when he read the contract, he thought it was there on the salary structure? Yes, I do understand Plaintiff to be saying that that's the way he interprets the salary provision of his contract. But I'm saying if he's right about that, then the integration clause is irrelevant, right? He's either right about that or he's wrong about that, but the integration clause won't change that, will it? If he's right about saying that the contract itself references 100% after 18 months establishes the partnership transfer, no, I think as a matter of law, no, I don't think that's correct at all. I'm just saying if he is right about that, the integration clause is irrelevant. The integration clause isn't why he's wrong about that. He's either right about that or wrong about that based on that set of words in the contract. Right. I mean, if he's right about that, obviously the integration clause is irrelevant, right? Because that's the contract. Did Judge Burroughs rule he was wrong about that? I believe she did because he's trying to bring in evidence of an oral contract outside of the parameters of the document that he signed. But now you're talking, you can't be both ways. He's either making an argument under the employment contract in which the outside evidence is just evidence of his reasonableness and his construction of those terms, or he's making a separate outside contract, which I understand the integration clause could wipe out. But with respect to the argument that the employment agreement itself through the salary structure contained the practice transfer agreement, did Judge Burroughs rule that he was wrong on that? And if so, why did she rule that he was wrong on that? Did he argue that? I thought you just said he did argue that. I do, no, I don't believe that the plaintiff is, I don't believe that he is arguing or has argued that the practice transfer agreement itself is contained in the four corners of the employment. Okay. Yes. So, therefore, the integration clause is the whole game in your opinion?  To his attempt to bring in the oral, yes, I'm sorry. And, you know, really what plaintiff appears to be arguing and asking the court to rule is that you can never give enforcement to an integration clause unless both parties are represented by counsel. Plaintiff, there's absolutely no record, evidence in the record to explain why the plaintiff voluntarily opted not to have counsel review his contract, but he clearly demonstrated that he understood and was capable of understanding the document because he came back and he negotiated changes to it. So, you know, this argument, this suggestion that the integration clause is, you know, necessarily unenforceable simply because Dr. Bazalwich opted not to he could have, there's no evidence in the record that said that defendants in any way prevented him or precluded him from consulting with counsel. He simply chose not to do so. And so that, you know, a decision like that in and of itself should not render an otherwise comprehensive and clear and unambiguous integration clause unenforceable. And for that reason... Did he argue that the salary structure rendered the contract ambiguous? Only to the extent, he is on appeal, but only to the extent that he says he doesn't know where the 40%, the other 40% went, which is completely irrelevant because the compensation talks about he would get, which was 60%. It didn't need to address what happened to the remaining 40%. That's just pure speculation by counsel and by Dr. Goldseth that it was designed to compensate Dr. Bazalwich for the partnership transfer. There's absolutely no evidence in the record to support that statement. Does he claim that Dr. Bazalwich, that something that Dr. Bazalwich said would have made it reasonable for him to understand the salary structure as conveying partnership transfer? No. That was all addressed in the employment agreement and in some initial conversations just generally about how the compensation structure typically was for the practice. But he's not, to my knowledge, not to explain the compensation structure in any more detail. Just going back to the claims against Dr. Bazalwich himself, as opposed to the claims against the partnership, I had understood there were claims that Dr. Bazalwich himself had entered into a contract or that there were claims of promissory stop against Dr. Bazalwich based on representations he had made. Is that right? The complaint talks about defendants, plural, in most of the accounts. So how could the integration clause wipe out the claims against Dr. Bazalwich? I don't quite understand that. He's not the partnership. So there's no agreement. What? He is a member of... I know it as an entity, but he's not... I thought the agreement is with the partnership, isn't it? The agreement is with the partnership, but Dr. Bazalwich is specifically a signatory to that partnership. The integration clause doesn't purport to address claims against anybody other than against the partnership, does it? Well, to the extent of the conversations with Dr. Bazalwich related to the terms of plaintiff's employment, yes, it does. I would argue that it does. The partnership's not being sued in the claim against Dr. Bazalwich. Well, no, there is not a standalone count against Dr. Bazalwich for breach of contract. Let me just look at the complaint. It says count one, FMA and Bazalwich. So what the complaint says... Not a standalone claim against him. Because the allegations and the basis of plaintiff's claim... And again, he did not make this argument down... Okay, that's fine. If he didn't, then I don't have to worry about it. He definitely did not. But again, it's just everything that he's referring to in terms of Bazalwich as a member of the partnership. As the partnership. I got it. Okay. And he doesn't... In his appellate briefing, my recollection is that he does not contest the proposition that the transfer of practice is something separate from the terms of the employment agreement. And I didn't see that in his brief. Nor did I, your honor. Okay. Okay, thank you. I'm out of time, and that's the balance of my arguments. I'm sorry, because I'm just looking at the heading on the brief. So at least formally, the suit is against the practice and Dr. Bazalwich. But you're saying that irrespective of how it is labeled, he made no separate claims against Dr. Bazalwich? Right. They are subsumed in the claims against the partnership. Okay. All right. Thank you, counsel. Thank you. Case is submitted. That concludes argument in this case. Attorney Sachs and Attorney Toley, you should disconnect from the hearing at this time.